IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FOOS, | No. CIV S-10-2198-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |
| _____/ | |

      Plaintiff, proceeding pro se, states he brings this action under the Securities Act of 1933 and the Securities Exchange Act of 1934, as well as the Rules of the Security and Exchange Commission, and the National Stock Exchange, Inc. Pending before the court is defendant's motion to dismiss (Doc. 7). A hearing on the motion was held on November 18, 2010, before the undersigned in Redding, California. Defense counsel Jonathan Fink appeared telephonically; Plaintiff appeared in person.

      **I.**    **Background**

      This is a pro se civil case involving plaintiff's mortgage. While plaintiff refers to the subject matter in the complaint as securities, he clarified at the hearing that he was in fact challenging his home mortgage. While no related case order has been requested or issued, the

court notes that plaintiff filed a separate action also challenging his home mortgage, Foos v. Wells Fargo, 10cv2201-FCD-CMK.[1]

Plaintiff alleges the defendant had control over his brokerage account, had a fiduciary duty and standard of care to plaintiff at all times, and had the duty "to operate Plaintiff's brokerage account in a fashion that would not cause an excessive trading or selling or purchasing securities without regard to Plaintiff's situation and instructions." He further alleges the defendant had the duty to only recommend to plaintiff those actions which they had reasonable grounds for believing were suitable for plaintiff and his financial situation and needs.

Plaintiff's complaint states that he obtained a line of credit from the defendant on January 29, 2007. It states that his claims include securities fraud under 15 U.S.C. § 77q, securities fraud under Securities Exchange Act of 1934 §§ 10(b), and 12(a), and civil conspiracy under 18 U.S.C. § 374. The line of credit, for which he alleges he was sold shares of stock, he clarified is his home mortgage. He alleges multiple separate transactions in violation of the express conditions given at the time the account was opened. While somewhat unclear, it appears Plaintiff is referring to the sale/transfer of his mortgage, which he refers to as a security.

Under 15 U.S.C. § 77q, he alleges defendant sold his securities and charged him a brokerage commission. He also appears to be claiming that it was sold to an unidentified insider. His claim under the Securities Exchange Act § 10(b) is that due to defendant's deception, he has been deprived of the specific securities he wished to retain. Under § 12(a), he claims he did not consent to the purchase of the securities, which has declined in price since the purchase by defendants. Plaintiff then claims civil conspiracy under 18 U.S.C. § 371 based on factual misrepresentation by defendant.

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

**II.     Motion to Dismiss**

    A.     <u>Motion</u>

Defendant brings this motion to dismiss the complaint on the grounds that it fails to state a claim and the case is barred by the statute of limitations.  Specifically, defendant argues there is no private right of action under 15 U.S.C. § 77q or 18 U.S.C. § 371.  Plaintiff fails to identify any specific use of interstate commerce under § 77q.  His complaint also lacks specificity as to who made the agreement for sale of the security, and the identity of the alleged "insider."  However, that is immaterial as there is no private right of action to enforce § 77q. Similarly, Plaintiff's claim under 18 U.S.C. § 371 lacks specificity as to who was involved in the alleged conspiracy with defendant, but also fails as private citizens do not have standing to bring a claim under this criminal statute.

Defendant also argues plaintiff's claims under the Securities Exchange Act of 1934, §§ 10(b), 12(a) are deficient and barred by the statute of limitations.  First, the complaint fails to meet the pleading requirements of Rule 9(b) in order to state a claim under § 10(b).  In addition, the statute of limitations for claims arising from § 10(b) is two years from the date when the Plaintiff discovered or should have discovered the facts constituting the violation, or five years from the date of violation.  Here, the clock should have started as of the date of the contract, January 29, 2007.  There is nothing in the complaint which leads to a different start date.  Therefore, such claim is time barred having not been brought until after three years had past.  Similarly, it does not appear that a claim under § 12(a) can be brought by a private citizen. Rather, enforcement seems to be vested in the FDIC pursuant to 15 U.S.C. § 78*l*(i).  Regardless, it is unclear from Plaintiff's allegation that there was any transaction to any unregistered security by anyone.

Defendant has also requested the court take judicial notice of two documents:

    1. The complaint filed in the second case, 10cv2201; and

///

        2. The Deed of Trust, recorded February 9, 2007 in the Shasta County Recorder's office.[2]

        In opposition, plaintiff states that he "is a victim of a predatory lending and securitization scheme whereby he was fraudulently induced to enter into an agreement that has led to this pending foreclosure of his home - by unrelated third parties to the loan transaction at bar, using California's non-judicial foreclosure scheme to convert the home."  He states the loan is a non disclosed securitization transaction and that various federal and state violations have occurred at or since the closing.  In addition, he alleges he has sent several qualified written requests (QWRs) which have gone unanswered.  He requests the motion be denied or that he be given leave to amend his complaint and consolidate these proceedings with his other pending action.  Plaintiff also claims he "has pled more than sufficient facts to allege the nature and extent of the wrongful conduct committed by Defendants in his complaint."

        Plaintiff opposes defendant's request for judicial notice, stating the court can only take judicial notice of the existence of those matters of public record but not the truth of the facts within the documents.  Nor may a court take judicial notice of one party's opinion of how a matter of public record should be interpreted.  To the extent that defendant has asked the court to accept their interpretation of the documents and to prove that the foreclosure actions are within statutory parameters, he argues the request should be denied.

        In reply, defendant argues plaintiff failed to address the deficiencies in his complaint, nor does plaintiff address his standing to bring this action under the statutes he cites.  Defendant reiterates plaintiff's complete lack of facts to support his claims.

        B.        <u>Standards</u>

        In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007).  The

---

[2] As set forth above, the court may take judicial notice of matters of public records and its own records.

court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

1         In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

        Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

        C.     Discussion

        Plaintiff's claims are unclear and confusing. It appears he is referring to his mortgage as a securities investment account, and claiming the defendant is trading his stocks without permission. These claims do not make any sense as set forth in his complaint. While he did clarify at the hearing that his complaint is challenging his home mortgage, that does little to clarify his claims. However, as defendant argues, plaintiff lacks standing to bring most of the claims alleged in the complaint. For the one claim he may have standing to bring, the statute of limitations has expired.

        15 U.S.C. § 77q prohibits the use of fraudulent interstate transactions. Subsection (a) provides :

> It shall be unlawful for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly (1) to employ any device, scheme, or artifice to defraud, or (2) to obtain money or property by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made,
not misleading; or (3) to engage in any transaction, practice, or
course of business which operates or would operate as a fraud or
deceit upon the purchaser.

The Ninth Circuit has held that no private right of action lies under section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q (a).  See In re Washington Public Power Supply System Securities Litigation, 823 F.2d 1349 (9th Cir. 1987).  Thus, the claims relying on § 77q must be dismissed without leave to amend.

18 U.S.C. § 371 provides:

If two or more persons conspire either to commit any offense
against the United States, or to defraud the United States, or any
agency thereof in any manner or for any purpose, and one or more
of such persons do any act to effect the object of the conspiracy,
each shall be fined under this title or imprisoned not more than five
years, or both.

Defendant argues, and it is clear from the body of the statute, that Plaintiff has no standing to bring an action pursuant to this section, and even if he did, this section protects the United States from fraud, not private individuals.  Thus, the claims raised under this statute must also be dismissed without leave to amend.

The Securities Exchange Act § 10(b), 15 U.S.C. § 78j,  provides:

It shall be unlawful for any person, directly or indirectly, by the use
of any means or instrumentality of interstate commerce or of the
mails, or of any facility of national securities exchange –

(a)(1)  To effect a short sale, or to use or employ any stop-loss
order in connection with the purchase or sale, of any security
registered on a national securities exchange, in contravention of
such rules and regulations as the Commission may prescribe as
necessary or appropriate in the public interest or for the protection
of investors. . . .

(b) To use or employ, in connection with the purchase or sale of
any security registered on a national securities exchange or any
security not so registered, or any securities-based swap agreement
(as defined in section 206B of the Gramm-Leach-Bliley Act), any
manipulative or deceptive device or contrivance in contravention
of such rules and regulations as the Commission may prescribe as

> necessary or appropriate in the public interest or for the protection of investors.
>
> Rules promulgated under subsection (b) of this section that prohibit fraud, manipulation, or insider trading (but not rules imposing or specifying reporting or recordkeeping requirements, procedures, or standards as prophylactic measures against fraud, manipulation, or insider trading), and judicial precedents decided under subsection (b) of this section and rules promulgated thereunder that prohibit fraud, manipulation, or insider trading, shall apply to security-based swap agreements (as defined in section 206B of the Gramm-Leach-Bliley Act) to the same extent as they apply to securities. Judicial precedents decided under section 77q(a) of this title and sections 78i, 78o, 78p, 78t, and 78u-1 of this title, and judicial precedents decided under applicable rules promulgated under such sections, shall apply to security-based swap agreements (as defined in section 206B of the Gramm-Leach-Bliley Act) to the same extent as they apply to securities.

The United States Supreme Court has recognized a private right of action under § 78j(b), but has also acknowledged the heavy burden of proof that a plaintiff who brings such a fraud action has to bear (*i.e.* proving the defendant acted with intent to deceive, manipulate or defraud). See Herman & MacLean v. Huddleston, 459 U.S. 375, 382 (1983). As with any fraud action, Federal Rule of Civil Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading

is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)).

As the defense points out, in In re Levi Strauss & Co. Securities Litigation, 527 F. Supp. 2d 965, 984 (2007), the Northern District of California stated:

> In order to state a claim under § 10(b) of the Exchange Act and Rule 10b-5, plaintiffs must allege: (1) a misrepresentation or omission of material fact, (2) made with scienter, (3) causation, (4) justifiable reliance by plaintiffs, and (5) proximate causation of the alleged loss. Binder v. Gillespie, 184 F.3d 1059, 1063 (9th Cir. 1999); In re Daou, 411 F.3d at 1014 (citations omitted). Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the court must determine whether particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or with deliberate recklessness made false or misleading statements to investors. In re Read-Rite, 335 F.3d 843, 846 (9th Cir. 2003)  The PSLRA mandates that a complaint in private securities fraud litigation plead with particularity both falsity and scienter. In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1085 (9th Cir,. 2002); 15 U.S.C. § 78u-4(b)(1); 15 U.S.C. § 78u-4(b)(2).  If a plaintiff fails to plead either the alleged misleading statements or scienter with particularity, his or her complaint must be dismissed. America West, 320 F.3d at 931-32; § 78u-4(b)(3)(A).

The Supreme Court also issued a recent opinion setting forth the required special heightened pleading requirements for the scienter element of a § 10(b) securities fraud claim. The Court stated "unless a § 10(b) Plaintiff can set forth facts in the complaint showing that it is 'at least as likely as' not that the defendant acted with the relevant knowledge or intent, the claim will fail." Merck & Co., Inc. v. Reynolds, 130 S. Ct. 1784, 1796 (2010) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007)).

In addition, any action under § 10(b) must be brought within two years from when the plaintiff discovered or should have discovered the facts constituting the violation or five years from the date of the violation, which ever comes first. See 28 U.S.C. 1658(b).  The Supreme Court has construed this to mean that "a cause of action accrues (1) when the plaintiff

did in fact discover, or (2) when a reasonably diligent plaintiff would have discovered, 'the facts constituting the violation' - whichever comes first." Merck, 130 S. Ct. at 1789-90. Here, this action was brought more than three years after the "securities" were "purchased" on January 29, 2007. Nothing in the complaint would give rise to a different commencement date as plaintiff fails to address when and/or how he discovered the facts constituting the alleged violation. If plaintiff were to allege a later commencement date, he would need to set forth when he discovered the facts and why a reasonable investor of ordinary intelligence would not have discovered the information sooner. See Merck, 130 S. Ct. at 1795.

Therefore, plaintiff's claims under §10(b) are barred by the statute of limitations and fail to meet the pleading requirements.[3] These claims should also be dismissed.

Securities Exchange Act § 12(a), 15 U.S.C. § 78*l* provides:

> (a) General requirement of registration
> It shall be unlawful for any member, broker, or dealer to effect any transaction in any security (other than an exempted security) on a national securities exchange unless a registration is effective as to such security for such exchange in accordance with the provisions of this chapter and the rules and regulation thereunder. The provisions of this subsection shall not apply in respect of a security futures product traded on a national securities exchange.
>
> (b) Procedure for registration; information
> A security may be registered on a national securities exchange by the issuer filing an application with the exchange . . . .
> . . .
>
> (i) Securities issued by banks
> In respect of any securities issued by banks and savings associations the deposits of which are insured in accordance with the Federal Deposit Insurance Act [12 U.S.C.A. § 1811 et seq.], the powers, functions, and duties vested in the Commission to administer and enforce this section and sections 78j-1, 78m, 78n(a), 78n(c), 78n(d), 78n(f) and 78p of this title, and sections 7241, 7242, 7243, 7244, 7261(b), 7262, 7264, and 7265 of this

---

[3] Even if plaintiff was provided an opportunity to amend this claim in order to meet the pleading standard and set forth a later commencement date, it is clear from the discussion at the hearing that plaintiff is challenging the note secured by a mortgage on his home, which is not the type of "note" which qualifies as a "security" under the Securities Exchange Act. Thus no leave to amend should be granted.

10

title, (1) with respect to national banks are vested in the Comptroller of the Currency, (2) with respect to all other member banks of the Federal Reserve System are vested in the Board of Governors of the Federal Reserve System, (3) with respect to all other insured banks are vested in the Federal Deposit Insurance Corporation, and (4) with respect to savings associations the accounts of which are insured by the Federal Deposit Insurance Corporation are vested in the Office of Thrift Supervision.  The Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, and the Office of Thrift Supervision shall have the power to make such rules and regulations as may be necessary for the execution of the functions vested in them as provided in this subsection. . . .

(j) Denial, suspension, or revocation of registration; notice and hearing
The Commission is authorized, by order, as it deems necessary or appropriate for the protection of investors to deny, to suspend the effective date of, to suspect for a period not exceeding twelve months, or to revoke the registration of a security, if the Commission finds, on the record after notice and opportunity for hearing, that the issuer, of such security has failed to comply with any provision of this chapter or the rules and regulations thereunder.  No member of a national securities exchange, broker or dealer shall make use of the mails or any means or instrumentality of interstate commerce to effect any transaction in, or to induce the purchase of sale of, any security the registration of which has been and is suspended or revoked pursuant to the preceding sentence.

Pursuant to the language of the statute  it would appear that there is no private right of action under this statute.  Rather, it falls to the Commission to enforce its provisions.  In addition, as defendant argues, this statute is related to the registration requirements.  Plaintiff's claim under this section is unclear, but it is clear he has no standing to bring any action pertaining thereto.

### III. Conclusion

The only claim raised in the complaint which Plaintiff has standing to bring is that under § 10(b), based on fraud.  That claim, however, as pled in the complaint is barred by the statute of limitations.  In addition, the complaint fails to meet the pleading requirements for fraud pursuant to PSLRA, and challenges a mortgage not a securities note.  Plaintiff lacks standing to

bring an action based on the other claims set forth in his complaint.  As the undersigned recommends granting the motion to dismiss, the alternative motion for more definite statement and the motion to strike are moot.

      Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (Doc. 7) be granted without leave to amend.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 16, 2010

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE